1
2
3
4
5

6  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
7              AT SEATTLE

8  STEVEN SPRAGUE,

9              Plaintiff,                Case No. C15-761-JLR-BAT

10        v.                             **REPORT AND RECOMMENDATION**

11 CAROLYN W. COLVIN,
   Acting Commissioner of Social Security,
12
               Defendant.
13

14       Steven Sprague appeals the ALJ's written decision finding him not disabled.  He

15 contends the ALJ erred at step two by failing to discuss diabetic neuropathy, in discounting his

16 testimony and the testimony of lay witnesses, in finding he had past relevant work as a

17 surveillance system monitor and security manager, and in rendering a residual functional

18 capacity (RFC) determination that failed to account for all of his limitations.  Dkt. 10 at 1.  As

19 discussed below, the medical evidence Mr. Sprague presented to the Appeals Council after the

20 ALJ issued his decision undermines the ALJ's step two finding that Mr. Sprague's severe

21 impairments are limited to degenerative disc disease and diabetes mellitus.  Because the impact

22 of diabetic neuropathy was not assessed by the ALJ and was therefore not included in the RFC

23 determination, the Court recommends the Commissioner's final decision be **REVERSED** and

REPORT AND RECOMMENDATION - 1

the matter be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

In a written decision dated April 2013, the ALJ found: (1) Mr. Sprague last worked in October 2009; (2) that degenerative disc disease and diabetes mellitus were severe impairments; (3) that he retained the RFC to perform light work with additional limitations; and (4) that Mr. Sprague was not disabled because he could perform his past relevant work as a security manager, security guard, and surveillance system monitor.  Tr. 20-25.  Mr. Sprague requested review by the Appeals Council, and submitted additional medical records, which the Appeals Council made part of the record.  Tr. 4, 426-524.  On March 15, 2015, the Appeals Council denied review making the ALJ's decision the Commissioner's final decision.  Tr. 1-5.

## DISCUSSION

**A.    The ALJ's step two findings**

At step two of the five-step disability evaluation process, the ALJ determines whether the claimant has a severe impairment which significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Because the disability evaluation process is sequential, the ALJ's step two determination of a claimant's severe impairments affects the remaining steps of the disability determination.  *See* 20 C.F.R. §§ 404.1520(d)-(g), 416.920(d)-(g).

Here, the ALJ determined that Mr. Sprague's degenerative disc disease and diabetes mellitus were severe impairments.  Tr. 20.  Mr. Sprague argues the ALJ erred in failing to find that diabetic neuropathy was also a severe impairment.  Dkt. 10 at 1.  This argument misapprehends the true issue before the Court.  At the time the ALJ issued the decision the

record did not contain a diagnosis of diabetic neuropathy.  Accordingly, based on the record before him, the ALJ did not err in failing to find diabetic neuropathy was a severe impairment. However, after the ALJ issued the decision, Mr. Sprague submitted additional medical evidence to the Appeals Council.  Tr. 486-524.  The issue therefore is not whether the ALJ erred in the original identification of severe impairments.  Rather, it is whether the ALJ's step two finding—which did not include diabetic neuropathy—is still supported by substantial evidence in light of the medical records Mr. Sprague presented to the Appeals Council.

The new evidence Mr. Sprague submitted to the Appeals Council includes a neurologist's report that Mr. Sprague has "peripheral neuropathy," and that his "current symptoms are exclusively that of painful lower-extremity dysethesias, and his exam reveals length-dependant, small-fiber sensory loss both of which are highly consistent with diabetic neuropathy." Tr. 505. The Appeals Council accepted the new evidence making it a part of the administrative record that this Court must review.  *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

The Court finds the new evidence undermines the ALJ's decision.  The new evidence includes a diagnosis by a qualified doctor of diabetic neuropathy and a medical opinion that Mr. Sprague's lower extremity pain is related to this condition.  This evidence establishes that diabetic neuropathy is a severe impairment for step two purposes, and that the ALJ's step two findings are no longer supported by substantial evidence.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  The new evidence also undermines the ALJ's determination that there was no "objective confirmation," to support the testimony of the lay witnesses or Mr. Sprague's belief that he had diabetic neuropathy.[1]  Tr. 23.

---

[1] The other reasons the ALJ gave to discount the testimony of Mr. Sprague and the lay witnesses.

REPORT AND RECOMMENDATION - 3

The ALJ's step two findings and determination that there is no objective confirmation supporting the testimony of Mr. Sprague and the lay witnesses are no longer supported by substantial evidence.  The matter must therefore be reversed and remanded. Because the new evidence presents a new impairment that is inextricably intertwined with Mr. Sprague's arguments pertaining to the credibility of his statements and that of the lay witness evidence, his RFC, and past relevant work, the Court cannot resolve these arguments at this point.  This is because the Commissioner has not yet evaluated the impact of the new evidence of impairment and the Court cannot make factual findings and legal determinations in the first instance.  These are determinations are reserved to the Commissioner and should be evaluated on remand.  *See Brown-Hunter v. Colvin*, __ F. 3d __, 2015 WL 4620123, (9th Cir. 2015).

## CONCLUSION

The Court recommends the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ shall review the medical evidence presented to the Appeals Council

---

are not supported by substantial evidence.  The ALJ found Mr. Sprague quit working for reasons other than disability.  This is not probative of credibility because Mr. Sprague quit work in August 2009, a time period in which he made no claim of being disabled.  The ALJ found Mr. Sprague received unemployment benefits.  There is nothing in the record indicating what type of work he professed he could perform in applying for unemployment benefits.  Hence, there is insufficient information to conclude that his receipt of benefits, alone, contradict his testimony.  *See e.g., Carmickle v. Comm'r of the Soc. Sec. Admin*., 533 F.3d 1155, 1161-62 (9th Cir. 2008) ("While receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime . . . the record here does not establish whether Carmickle held himself out as available for full-time or part-time work. Only the former is inconsistent with his disability allegations."). Here, the ALJ found Mr. Sprague's daily activities undermined his credibility and the testimony of the lay witnesses.  However, Mr. Sprague's minimal activities are not inconsistent with his testimony or that of the lay witnesses. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (the mere fact that a plaintiff has carried on certain daily activities does not detract from his credibility as to his overall disability).  The ALJ mentioned Mr. Sprague's conservative treatment of his back problems but the decision does not articulate how or why the ALJ reached this conclusion in light of the fact that Mr. Sprague received epidural steroid injections, and his doctors indicated he might need surgery. Tr. 275.

and determine the impact diabetic neuropathy has on Mr. Sprague's RFC, including the onset of the impairment, and expand the record as needed.  The ALJ shall reassess the testimony of Mr. Sprague and the lay witnesses, and take VE testimony as necessary at steps four and five of the disability analysis.

A proposed order accompanies this Report and Recommendation.  Objection to this Report and Recommendation must be filed by **October 15, 2015.**  If no objections are filed, the Clerk shall note the matter for  October 16, 2015 as ready for the Court's consideration.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.

Objections and responses shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

DATED this 1st day of October, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5